| | |
|---|---|
| DMP:JEA<br>F. #2017R01305 | COURT'S EXHIBIT NO. 1<br>IDENTIFICATION/EVIDENCE<br>DKT. #: 21-CR-00099<br>DATE: 4/27/21 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      - against -<br><br>VLADIMIR KUZNETSOV,<br><br>                    Defendant. | I N F O R M A T I O N<br><br>Cr. No. 21-CR-099 (WFK)<br>(T. 18, U.S.C., §§ 981(a)(1)(C), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 22, U.S.C., §§ 401, 2778(b)(2) and 2778(c); T. 22, C.F.R., Parts 121 and 127; T. 28, U.S.C., § 2461(c)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

At all times relevant to this Information, unless otherwise indicated:

THE ARMS EXPORT CONTROL ACT

1. The export of defense related articles was regulated by the Arms Export Control Act ("AECA"), Title 22, United States Code, Section 2778. Section 2778(a) authorized the President of the United States to control the import and export of defense articles and to establish a United States Munitions List ("USML"), which identified and defined the defense articles subject to these controls. Section 2778(b) provided that no defense articles may be exported without a license. Section 2778(c) established criminal penalties for any violation of Section 2778 or any rule or regulation thereunder.

2. By executive order, the President delegated the authority to control the export of defense articles to the United States Department of State, Directorate of Defense Trade Controls ("DDTC"). The DDTC thereafter promulgated regulations under the AECA, which were known as the International Traffic in Arms Regulations ("ITAR"), Title 22,

Code of Federal Regulations, Part 120 et seq. These regulations established the USML, defined a "defense article" to be any item on the USML, and required an export license from the DDTC for the export of items on the USML.

## AECA VIOLATION

3. In or about and between February 2017 and August 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VLADIMIR KUZNETSOV, together with others, did knowingly and willfully export and attempt to export from the United States to Russia rifle parts and accessories designated as defense articles on the USML, to wit: one Accuracy International AICS AX MK II rifle chassis, one "H-S Precision" aluminum rifle stock, one "Kinetic Research Group" Savage 180-Alpha rifle chassis, one Dakota bolt shroud and one Timney Sportsman trigger assembly, without first having obtained the required license from the DDTC.

(Title 22, United States Code, Sections 2778(b)(2) and 2778(c); Title 22, Code of Federal Regulations, Parts 121 and 127; Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

4. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 22, United States Code, Section 401, and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense, to forfeit

any arms or munitions of war or other articles that are intended to be or are being or have been exported or removed from the United States, or any vessel, vehicle, or aircraft containing the same or which has been or is being used in exporting or attempting to export such arms or munitions of war or other articles.

    5.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)  cannot be located upon the exercise of due diligence;

      (b)  has been transferred or sold to, or deposited with, a third party;

      (c)  has been placed beyond the jurisdiction of the court;

      (d)  has been substantially diminished in value; or

      (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 22, United States Code, Section 401; Title 28, United States Code, Section 2461(c))

_____
MARK J. LESKO
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2017R01305  
FORM DBD-34  
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*VLADIMIR KUZNETSOV,*

Defendant.

# INFORMATION

( T. 18, U.S.C., §§ 981(a)(1)(C) and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 22, U.S.C., §§ 401, 2778(b)(2) and 2778(c); T. 22, C.F.R.,
Parts 121 and 127; T. 28, U.S.C., § 2461(c).)

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

_____

**Jonathan E. Algor, Assistant U.S. Attorney (718) 254-6248**